## McFLYNN v. CRESCENT REALTY CORPORATION OF DELAWARE.*
### No. 16029.

Court of Appeal of Louisiana. Orleans. April 15, 1935.

Richard A. Dowling, of New Orleans, and Henry J. Wyman, of Gretna, for appellant.

Charles A. Willie and Daniel Wendling, both of New Orleans, for appellee.

JANVIER, Judge.

In this action Mrs. Agnes McFlynn, the wife of James McFlynn, who is a tenant of defendant, seeks recovery in tort for physical injuries which she claims to have sustained as the result of the alleged falling of plaster from the ceiling of one of the rooms of the leased residence.

Defendant, without admitting that the plaster fell as a result of its defective condition, contends that none of its officials or employees had knowledge that there were any defects in the plastering, if in fact there were any; that there was nothing about its appearance to indicate its dangerous condition; that an inspection of the premises made at a time prior to the alleged fall of the plaster failed to disclose any defects; and that no actual notice of any such condition, as is alleged, was given to defendant or to any of its officials or employees.

This defense, that there was no knowledge of the defect, either actual or constructive, is now authorized by Act No. 174 of 1932, where there is contained in the lease a stipulation under which "the tenant or occupant assumes responsibility for the condition of the premises." Section 1.

This statute provides that where there is such a stipulation and the owner is, by the terms of the lease, relieved from liability for damage caused by defects, there shall be no liability "unless the owner knew of such vice or defect, or should within reason have known thereof, or had received notice of such vice or defect and failed to remedy same within a reasonable time thereafter." Section 1.

The act also provides that where there is such a stipulation the exemption from liability prevents recovery not only by the tenant himself, but also by any one who derives the right or license to be on the premises from the said tenant or occupant.

Plaintiff does not question the validity of the said statute nor its application here (the lease plainly contains a stipulation which is within the contemplation of the statute) but contends that not only should the condition of the ceiling have manifested itself to defendant's employees, but that her husband, according to her petition, "had complained to the legal representative of the defendant corporation, Mr. O. M. Gwin, on several occasions of the dangerous condition of the plastering in the said premises and particularly of the plastering in the bedroom."

After an exception of vagueness had been sustained, plaintiff, in an amended petition, alleged that her husband had complained "in writing" to the said representative on several occasions.

In the district court there was judgment dismissing plaintiff's suit.

The evidence shows that the defects, if there were defects, were not manifest. There is testimony that at some time prior to the said accident a general repairer had been sent to inspect the house and had, in writing, reported that several specified repairs should be made. His written report does not show that any repairs to the ceiling in question were considered necessary, and, in view of

---

*Rehearing denied April 29, 1935. Writ of error refused by Supreme Court May 27, 1935.

the fact that a great many other repairs were suggested by him, it is difficult to believe that he would have overlooked a condition so manifest as plaintiff contends was the condition of the ceiling in question. It is suggested that the said repairer had reported that the ceiling in question should be repaired and that this item was eliminated by the representative of the owner. But the document in question shows that several of the repairs suggested were eliminated either by being stricken out in ink, or by the writing of the word "no" over the particular repair suggested. If repairs to the ceiling were suggested and if this suggestion was eliminated, we feel that the elimination would have been effected in the same manner which had been adopted in the case of the other suggestions which were not approved. We find nothing which induces us to believe that the suggestion as to the repairs to the ceiling was made verbally or in a manner different from that adopted in the case of the other suggestions.

Furthermore, the verbal testimony also is overwhelmingly to the effect that no such repairs were suggested and that the condition of the ceiling did not indicate the necessity therefor.

Strange to say, although plaintiff's counsel seem to realize the great importance of proving that actual notice of the alleged defect had been given, and although the petition and supplemental petition charged that notice had been given by plaintiff's husband on "several occasions," and though the supplemental petition charged that the notice had been given in writing, the said husband of plaintiff was not placed upon the witness stand to testify to any such notice until after the case had been closed and had been called for argument on a day some time after the taking of the testimony.

When the matter was called for argument counsel for plaintiff requested a reopening of the case in order that there might be afforded an opportunity to produce a copy of the written notice which it is contended was sent to defendant. Over the objection of counsel for defendant, the matter was reopened and then for the first time plaintiff's husband produced a document which he claims is a copy of a letter sent by him to defendant. The letter appears to be the original. It is written on a typewriter, and does not appear to be a carbon copy, and although it is testified that the writer sent the original and retained another duplicate original we are not impressed with this testimony. If the original was sent to defendant, and defendant's officials testify that it was never received by them, then we find no reason to believe that it would have found its way back into the possession of the person who claims to have sent it. But even this document does not specifically refer to the defective condition of the ceiling, and we do not think, even if it is unquestionably authentic, that it is sufficient to have put defendant on notice as to the condition of the ceiling in such a way as to make applicable that portion of the statute which provides that in such cases the owner shall be liable if he "had received notice of such vice or defect."

Whether the condition of the ceiling was manifest and whether the notice was actually sent are questions of fact. Our brother below has determined these questions adversely to the contention of plaintiff. We find no manifest error in the conclusions reached by him.

The judgment appealed from is affirmed. Affirmed.

LECHE, J., absent, takes no part.