This is an action in damages against the owner of a building and his tenant, wherein plaintiff seeks to hold one or the other liable for the personal injuries she sustained as a consequence of the defective condition of the premises. The salient facts of the case are not in dispute and we find them to be as follows:
Defendant, George D. Feldner, is the owner of the lot and improvements located at the corner of Canal and South Lopez Streets in the city of New Orleans. On December 28, 1929, he rented the premises, by written contract of lease, to Katz 
Besthoff, Ltd., a large retail drug concern which operates a chain of stores in the *Page 288 
city of New Orleans. The term of this lease was for 10 years at a rental of $225 per month and the lessee was granted the privilege of renewing the contract for an additional period of 10 years at a monthly rental of $300. In addition to the usual stipulations generally found in leases for the rental of mercantile establishments, the contract contained the following covenants:
"The within leased premises and appurtenances, including locks, keys, plumbing and glass, heating system, if any, and all other fixtures, are accepted by the lessees in their present condition as being in good order, except for such repairs and improvements as are written into this lease, and except as may be needed to the roof or rendered necessary by fire or other casualty.
"The lessee agrees to keep them in the same order as received during the term of this lease; * * * and at the termination or cancellation of this lease, to return said premises broom clean and free from trash, and in like good order as received, by actual delivery of keys to lessor or agent. The usual decay, wear and tear excepted;
"Lessor will not be responsible for damage caused by leaks in the roof, by bursting pipes by freezing or otherwise, or by any vices or defects of the leased property or the consequences thereof, except in case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having written notice from the lessee of such defects and the damage caused thereby."
Prior to the expiration of the term of the lease, or on October 25, 1939, the parties entered into a new or "renewal" lease for a period of 10 years, commencing on March 1, 1940 and ending on the last day of February 1950, in consideration of the payment of a monthly rental by the lessee of $250. Certain other modifications of the prior contract were made in the renewal contract and it was further provided that, except as modified, the contract would be subject to all of the terms and conditions set forth in the original lease of December 28, 1929.
Plaintiff, Mrs. Leona Fabrites Terrenova, was employed by Katz Besthoff, Ltd. as a relief cashier and was assigned duties at the retail drug store operated upon the leased premises. On March 23, 1943, plaintiff left her cashier's post located in the main part of the store for the purpose of going to the dressing room which is situated in the rear of the store. While descending a stairway, consisting of three steps, leading from the rear of the store to the dressing room, the stair became detached from the wall to which it was connected, causing plaintiff to fall. As a result, she suffered personal injuries consisting of contusions and bruises to her back and a "thromatic sacro-iliac" injury. Thereafter, she made demand upon Mr. Feldner for damages contending that, as owner of the building, he was responsible under the law (Articles 670 and2322 of the Civil Code and the jurisprudence interpreting those articles) for the defective condition of the stairway of the premises.
Mr. Feldner declined plaintiff's demand on the ground that, since the lease contract imposed liability on Katz Besthoff, Ltd. for the vices and defects of the premises, any right or cause of action which plaintiff might have should be pursued against the lessee in view of the provisions of Act No. 174 of 1932, which relieves the owners of buildings from liability to third persons injured by reason of defects contained therein in case the building has been leased under a contract whereby the tenant assumes responsibility for the condition of the premises.
Because of the position taken by Mr. Feldner, plaintiff joined with him, as a party defendant to this suit, Katz 
Besthoff, Ltd. and she prayed that judgment be granted in her favor either against Feldner or the drug company. The theory of her cause of action is that Feldner is primarily liable to her under Articles 670 and 2322 of the Civil Code but that, if the court should exonerate him under Act No. 174 of 1932 because the lessee has assumed responsibility for the defects in the premises under its lease contract, then judgment should be rendered against the drug company. *Page 289 
After the overruling of certain exceptions interposed to plaintiff's petition, defendants joined issue by way of answer. The main defense set forth in Feldner's answer is, as above indicated, that, in view of the provisions of the lease whereby the lessee assumed responsibility for the vices and defects in the building, he is exonerated from liability by Act No. 174 of 1932. In the alternative, Feldner pleaded that, should the court hold that he is responsible, then he is entitled to judgment in warranty against the lessee by virtue of the above quoted provisions of the lease.
On the other hand, the principal contentions pleaded by defendant, Katz Besthoff, Ltd. are (1) that the provisions of the lease do not exhibit that it has assumed responsibility for the condition of the leased premises as required by Act No. 174 of 1932; (2) that, even if it is held otherwise, it is, nevertheless, not liable because the provisions of the contract relied upon by Feldner apply only to its responsibility to him, as lessor, and that, since the lease was confected in 1929, long prior to the enactment of the statute, it was never intended by the parties that it (the lessee) would assume the responsibility imposed on Feldner by law to redress third persons suffering injury as the result of vices and defects in the building.
After a trial on the merits of the case, there was judgment in favor of plaintiff and against Katz Besthoff, Ltd. for damages in the sum of $2,000 and the suit was dismissed as to Feldner. Katz Besthoff, Ltd. has appealed from the adverse decision. Plaintiff has appealed from that part of the judgment dismissing her suit as to Feldner. She has also answered the appeal of Katz Besthoff, Ltd. and prays for an increase in the award granted by the lower court.
Aside from the matter of quantum of damages, it will be immediately observed from the foregoing statement of the case that the only question presented for our determination is whether Feldner or Katz Besthoff, Ltd. is liable to plaintiff for her injuries. This is manifest because the record clearly shows that the accident was occasioned by a defect existing in the stairway of the premises for which either the owner or the tenant is responsible. In fact, defendants do not contend otherwise.
Prior to 1932, it was the established jurisprudence of this state that the owner of a building could not exonerate himself from responsibility to third persons, who suffered injury as a result of vices or defects, by providing in a lease contract that his tenant would assume liability for the condition of the premises. See Klein v. Young, 1927, 163 La. 59, 111 So. 495.
Having become aware of the hardships imposed upon the owners of buildings by Articles 670 and 2322 of the Code under the broad interpretation given to those articles by our courts (particularly where the buildings were occupied by tenants under a lease contract), the Legislature of 1932 sought to provide an outlet for relief by the passage of Act No. 174. The pertinent part of Section 1 of the Act reads as follows: "That the owners of buildings or premises which have been leased under a contract whereby the tenant or occupant assumes responsibility for the condition of the premises shall not be liable in damages for injury caused by any vice or defect therein to any tenant or occupant, nor to anyone in the building or on the premises by license of the tenant or occupant * * *".
Forasmuch as the constitutionality of the statute has been upheld (see Paul v. Nolen, La. App., 166 So. 509) it becomes patent that, if the clauses in the lease under discussion can be said to impose responsibility upon Katz Besthoff, Ltd. for the condition of the premises, then the judgment dismissing plaintiff's suit as to Feldner is correct.
Counsel for Katz Besthoff, Ltd., however, proclaim that an examination of the applicable provisions of the lease will reveal that the parties did not covenant that the lessee assumed responsibility for the condition of the premises and, in any case, not insofar as legal liability to third persons was concerned. And, pointing to the fact that the original lease was executed prior to the passage of Act No. 174 of 1932, they maintain that it is obvious that *Page 290 
the parties merely intended to protect the lessor against damage caused by the lessee during his occupancy and not with respect to injuries suffered by third persons occasioned by decay or other defects.
[1] We cannot subscribe to the proposition that the provisions of the lease do not impose responsibility on Katz 
Besthoff, Ltd. for the condition of the premises. The applicable stipulations (fully quoted above) show that the lessee accepted the premises as being in good order; that it promised to keep them in the same order as received during the term of the lease and to return them to the lessor in like good order and that it further agreed that the lessor would not be responsible for damage caused "by any vices or defects of the leased property or the consequences thereof". Provisions in contracts of a similar nature have been held to fall within the purview of Act No. 174 of 1932 and the owners have been relieved from any responsibility. See Paul v. Nolen, supra; McFlynn v. Crescent Realty Corp., La. App., 160 So. 454 and Atkinson v. Stern, La. App., 175 So. 126.
In Mitchal v. Armstrong, La. App., 13 So.2d 506, we held that provisions, like those contained in the lease now under discussion, would have been sufficient to relieve the owner from responsibility to a third person. However, there, it appeared that the owner had knowledge of the defect causing the damage and he was held liable under the statute for that reason.
[2] But counsel insist that it was not the intention of the parties to the lease that Katz Besthoff, Ltd. would be responsible for injuries to third persons because the lease was made at a time (1929) when it was the settled law of this state that provisions of this sort were unenforceable. This contention of counsel is predicated on the premise that the lease dated October 25, 1939 is merely a renewal of the original lease of 1929 and not a new contract. Obviously, if the lease of 1939 is a new contract, the proposition could not be entertained as the Act of 1932 governed the rights and liabilities under the agreement.
However, it is not necessary to determine whether the 1939 lease is a continuation of the original lease or a new contract — for, assuming for the purpose of discussion that it was merely a continuation of the original lease (a concession most favorable to Katz Besthoff, Ltd.), we are of the opinion that the proposition is not well founded.
An analysis of the argument advanced by counsel discloses that it stems from the notion that, since the law in effect at the time of the making of the contract (Klein v. Young, supra) did not permit the enforcement of provisions in leases (transferring responsibility for the condition of the premises from owner to tenant) against third persons, Feldner cannot now, by reason of a subsequent change in the law, avail himself of the benefit of the reprobated provision as against the plaintiff and thus shift his responsibility to his tenant, when no such liability existed at the time the obligation was assumed.
The fundamental error we find in this postulation is that it overlooks the fact that Katz Besthoff, Ltd. assumed the obligation of keeping the premises in good condition and was, at all times, responsible to Feldner for damages for breach of the obligation, even though the contract could not have been availed of by Feldner as a defense to his action by a third person prior to the effective date of Act No. 174 of 1932.
The Supreme Court did not declare in Klein v. Young that provisions in a lease, under which the lessee assumed responsibility for the condition of the premises, were contrary to public policy or that they were not enforceable as between the parties to the lease. The court merely held that stipulations of this sort could not affect the right of a third person to recover damages from an owner for nonperformance of the legal duties required of him by Articles 670 and 2322 of the Code. The opinion does not say, nor do we think that it was ever contemplated by the court, that an owner, condemned to pay damages to a third person as a result of the lessee's breach of a provision in the lease whereby the latter assumed responsibility for vices *Page 291 
and defects in the property, could not maintain an action against the lessee for the damages he sustained by the breach or that the lessor, who was compelled to defend a suit brought by a third person sustaining injuries by reason of the lessee's breach of covenant, could not call the lessee in warranty. In truth, the decision may be regarded only as authority for the proposition that, prior to 1932, an owner could not avoid his legal responsibility to third persons by providing in a lease that the tenant would assume such liability.
Thus, in the instant case, Katz Besthoff, Ltd. was always ultimately responsible to Feldner for whatever damage he might be forced to pay the plaintiff. However, here, plaintiff did not acquire a cause of action until many years after the Act of 1932 had become effective. Hence, her rights against the defendants were governed by that statute and Feldner was entitled to be exonerated from liability upon a showing that the property which caused plaintiff's damage had been leased under a contract whereby the tenant assumed responsibility for the condition of the premises.
The fact that the lease was originally made in 1929 is of no benefit to the defendant lessee because the provisions of Act No. 174 of 1932 apply to contracts confected prior to its passage. Section 1 of the statute declares that the owners of buildings "which have been leased under a contract whereby the tenant or occupant assumes responsibility for the condition of the premises shall not be liable * * *". (Italics ours.) This language clearly signifies the intention of the Legislature that the provisions of the law are effective as to leases executed prior to its enactment.
There also can be little doubt that the Legislature intended, by Act No. 174 of 1932, to grant to an injured party a direct action against a lessee who had assumed responsibility for the condition of the leased premises — for, otherwise, he would be bereft of all redress. We recognized this in Paul v. Nolen, supra [166 So. 511], where we said that the legislators "decided that there should be afforded to owners the right, under certain conditions, by contract, to transfer this liability to their lessees."
[3] Disposal of the question of liability leads us to a consideration of the quantum of damage awarded to plaintiff by the District Court in the sum of $2,000. Counsel for plaintiff maintain that the award is inadequate for the injuries sustained by their client and, conversely, counsel for Katz 
Besthoff, Ltd. assert that the allowance is excessive. As stated above, plaintiff suffered contusions and bruises to her back and a sacroiliac injury which disabled her for several months. A review of the record on this question has convinced us that the award represents just compensation and that it is neither inadequate nor excessive.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., recused.