JANVIER, Judge.
Mr. and Mrs. Edwin L. Phillips, plaintiffs, appealed from a judgment dismissing on exception of no cause of action their suit for damages based on the allegation that each of them sustained physical injuries as a result of a defect in the leased premises. They alleged that, on July 10, *670 1956, they rented an apartment from the owner, Mrs. Medora M. Hyman, wife of Hyman Mitthoff, and that on March 5, 1957, while one of the plaintiffs, Edwin L. Phillips, was standing on a ladder wiping a high mirror, the.said mirror, which was fastened to the wail, fell and injured both of them. They alleged that the fall of the mirror was due to the fact that it had been fastened to the wall by means of spikes set in the wall plaster, and that the plastering became loose because it had been fastened to the wall for “so many years.”
They also alleged that, if it should develop the premises belonged to the community which existed between Mr. and Mrs. Mitthoff, then the judgment should be against Mr. Mitthoff as head and master of the community.
The defendants filed exceptions of no cause of action pointing to the lease itself which is attached to and made a part of the petition, and directing attention to two paragraphs reading as follows:
“Repairs and Maintenance — No repairs shall be due Lessee by Lessor except to the roof and such as may be rendered necessary by fire or other casualty, not occasioned by Lessee’s fault or negligence. Lessee agrees to report in writing to Lessor any damage to the leased premises within twenty-four hours after its happening, and upon his failure to do so, Lessee shall be bound to repair any consequent or resulting damage.
* * * * *
“Liability for Damages — Lessor shall not be liable for any damage to person or property sustained by the Lessee or any other persons, and any such liability is assumed by Lessee.”
On behalf of the exceptors it is argued that, as a result of those paragraphs, the lessors were relieved of all liability since it is not alleged that they knew of the defect and were not advised of it in writing.
Such stipulations are authorized by LSA-R.S. 9:3221 which reads as follows:
“The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.”
Counsel for plaintiffs concede and state in their brief that: “The general law is clearly to the effect that such waiver of liability exonerates the owner from liability to the tenant even for structural repairs.” But they argue that, in view of the fact that the lease contained a paragraph under which the lessor warranted the condition of the premises to be good, the stipulation under which the lessee assumed responsibility for defects is overcome and in effect written out of the lease by that warranty.
The paragraph to which they refer reads as follows:
“Warranty — Lessor warrants that the leased premises are in good condition except as otherwise stipulated herein. Lessee accepts them in such condition and agrees to keep them in such condition during the term of the lease at his expense and to return them to Lessor in the same condition at the termination of the lease, normal decay, wear and tear excepted.”
A stipulation under which the lessee assumes liability for the condition of the premises in accordance with the act of 1932 has been considered on several occasions by the Courts of this State.
In Paul v. Nolen, La.App., 166 So. 509, we held that statute to be constitutional. In Terrenova v. Feldner, La.App., 28 So. 2d 287, Mr. Justice McCaleb, then a member of this Court, discussed at length the *671 effect of the statute, and held that, as a result of a stipulation somewhat similar to that involved here, the lessee assumed responsibility for the vices and defects in the building which was leased. In the lease which was there involved, there was a provision to the effect that the premises leased were “accepted by the lessee in their present condition as being in good order * * It seems to us that the stipulation which was considered there, that the premises were accepted as being in good order, is sufficiently similar to the provision which is involved here to justify the conclusion that the decision there is controlling here.
The warranty clause on which plaintiffs rely is nothing more nor less than the warranty which, under our LSA-Civil Code (articles 670 and 2322), is written into every lease and which, as a result of the quoted statute may be nullified by such stipulations as the defendants rely on. Furthermore, the warranty clause appears in the printed lease ahead of the other lease clauses relied upon by defendants, and since the latter clauses seem to contradict the earlier clauses they would be controlling.
In other cases in which a stipulation under which the lessee assumed responsibility for defects was considered, it has been held that such a stipulation relieves the owner from liability unless the owner had knowledge of the defect or was notified of it in writing. See McFlynn v. Crescent Realty Corp., La.App., 160 So. 454; Atkinson v. Stern, La.App., 175 So. 126.
In Thiel v. Kern, La.App., 34 So.2d 296, 299, we said:
“Under Act No. 174, 1932, when a tenant assumes responsibility for the condition of the premises, and the lease stipulates that the landlord will not be responsible for damages caused by the defectiveness thereof, the landlord is exonerated, and liability for injuries to third persons resulting from a defect in the premises attaches to the tenant. * * * ”
In Poss v. Brown, La.App., 73 So.2d 661, 664, the Second Circuit Court of Appeal considered such a stipulation and said:
“Thus, the owner, it can be inferred, may contract away all liability for injury caused by any defect therein to the lessee or anyone rightfully on the premises, unless the owner knew or should have known of the defects or had received notice thereof and failed to remedy it within a reasonable time. * * sjc »
Counsel for plaintiffs direct attention to a decision of the First Circuit, Green v. Southern Furniture Company, La.App., 94 So.2d 508, 512, in which such a stipulation was considered and in which it was held that, by that stipulation, the lessees had not been made liable because of injury sustained by persons on the sidewalk adjacent to the leased premises. The Court directed attention to the fact that “the plaintiff ladies were not injured on the premises, but by the fall of the store canopy overhanging the public sidewalk,” and the Court pointed out that while the act of 1932 authorizes a stipulation to the effect that the lessee assumes responsibility for injuries “to the lessee or anyone on the premises who derives his right to be there from the lessee * * * ”, it does not authorize the lessor to shift to the lessee such liability as might arise as a result of injuries sustained by persons not on the premises. Thus the decision in the Green case was based solely on the fact that the injured parties were not on the premises.
Our conclusion is that, since there is no allegation that the owners knew of the defect or were notified thereof, the exception of no cause of action was properly sustained.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.