GULOTTA, Judge.
Plaintiff-lessee, Walsh Filter Company, Inc. (Walsh), appeals the dismissal, on exceptions of no right and no cause of action, of its suit against its lessor and the lessor’s insurer, alleging property damage, loss of inventory and loss of earnings. We reverse and remand.
Walsh alleges losses from a severe windstorm of April 13, 1980, when the “... structurally and improperly maintained and repaired ...” roof of the leased building was destroyed.
The basis of the exceptions is an exculpatory clause in the lease relieving the lessor from responsibility for damages. That paragraph reads as follows:
“Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.”
In an amended petition filed in response to defendant’s exceptions, plaintiff alleged:
“That, alternatively, the said building above mentioned, owned and maintained by Defendant herein, Atwood L. Rice, Jr., contained vices and/or defects which said Defendant knew or should have known and which constituted positive neglect and the failure of said Defendant to take action toward the remedying of such defects resulted in the damages being sustained by Plaintiff herein.”
According to defendants, the amended petition is “eonclusory” and contains “no fact pleadings” to support a cause of action. Citing Lott v. Haley, 370 So.2d 521 (La.1979), defendants specifically claim that the allegation that the lessor “knew or should have known” of the vices and defects does not meet the test of fact pleading required under our law.
Finally defendants cite Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980), and Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981), where the Supreme Court has recognized the validity of lease exculpatory clauses in which the lessor is relieved of responsibility for any damages, except in the case of positive neglect or failure to remedy the defects within a reasonable time “after having received written notice from lessee” of the defects.
*1132 Although we have no quarrel with the cited cases, defendants’ reliance on those cases is misdirected.
Plaintiff’s petition, as amended, specifically alleges the structurally and improperly maintained and repaired building contained vices and defects that were known or should have been known by defendants and that constituted “positive neglect.” When the original and amended petitions are read together, we are led to conclude that the allegations are not merely conclusory, but rather serve as a sufficient factual foundation upon which to plead a cause of action.
Further, LSA-R.S. 9:3221 provides:
“The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.”[1]
In Davis v. Copeland Enterprises, Inc., supra, the Louisiana Supreme Court concluded that an exculpatory clause similar to the one in the instant case “effectively releases” the lessor from liability for injuries to a lessee from defects in the premises, “unless” the lessor “knew or should have known” of the defect. In the later Tassin case, supra, the Supreme Court again recognized the validity of an exculpatory clause in a lease, but also held that the lessor is not exonerated from liability where he knew or should have known of the defects.
When we consider the holdings in Davis and Tassin, together with the allegations of the amended petition, we conclude that plaintiff has stated a cause of action. Having so concluded, we reverse the judgment of the trial court. The exceptions of no cause and no right of action are overruled, and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. See also LSA-C.C. Art. 2695 which provides:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”