529 So.2d 1330 (1988)
Eve Marie FONTAN
v.
Fred N. ESTOPINAL.
No. 88-CA-155.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 1988.
*1331 Fritz Wiedemann, Lawrence D. Wiedemann, Wiedemann & Fransen, New Orleans, for plaintiff/appellant.
Ray S. Clement, Jr., Berrigan, Danielson, Litchfield, Olsen & Schonekas, New Orleans, for defendant/appellee.
Hailey, McNamara, Hall, Larmann & Papale, C. Kelly Lightfoot, Metairie, for intervenor/appellant.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Appeal is taken from a summary judgment dismissing plaintiff's personal injury action against defendant. Plaintiff, Eva Marie Fontan, filed suit for injuries incurred when she fell down allegedly defective stairs located on premises owned by defendant, Fred N. Estopinal, and leased to her employer, Mechanical Construction Company of New Orleans (MCC). The employer's workers' compensation insurer, Reliance Insurance Company of Illinois, intervened seeking reimbursement for compensation benefits paid to plaintiff.
Defendant moved for summary judgment arguing that LSA-R.S. 9:3221 was applicable, and that he had transferred liability to the lessee. The trial court agreed, dismissing plaintiff's claim. Plaintiff and intervenor now appeal the granting of summary judgment.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C. P. art. 966. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In the case at bar, the trial court granted the summary judgment on the basis that *1332 pursuant to LSA-R.S. 9:3221, defendant had delegated his ownership liability under law (LSA-C.C. arts. 2317 and 2322) for defective conditions of the premises to the lessee. On appeal, appellants argue that LSA-R.S. 9:3221 does not preclude a lessor owner's liability to the lessee's employee, and present these issues:[1]
(1) Does the knowledge of a defect, imputed to a custodian of a thing under LSA-Civ.Code Art. 2317, serve as knowledge contemplated under LSA-R.S. 9:3221?
(2) May two parties contract away legally established rights of a third party who is not privy to that contract?
(3) May LSA-R.S. 9:3221 be construed as a statutorily authorized form of an indemnity relationship between a lessor and lessee?
(4) Where an employer has assumed the tort liability of another, does that assumption allow him to be sued by his employee in tort, where the employer, prior to any assumption, could have validly maintained an action against that other party?
Prior to 1932, it was the settled law of this state that no provision in a contract of lease could relieve an owner of his liability to third persons under LSA-C.C. art. 2322. See, e.g., Klein v. Young, 163 La. 59, 111 So. 495 (1927). This rule was modified by the Legislature in 1932 with LSA-R.S. 9:3221, which, as amended, provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.[2]
See generally, Comments, Liability of Lessor to Third Persons Lawfully on the Leased Premises, 16 Tu.L.R. 448, 454 (1941-1942).
1) Defendant owner's knowledge of defect
Appellants raise as their first issue the question whether defendant Estopinal as the owner-lessor is liable for tort damages because he "knew or should have known of the alleged defect" in the stairway on which plaintiff Fontan fell.
Mr. Estopinal's motion for summary judgment was supported by his own affidavit and those of Nicholas J. Gagliano, Vice-President of MCC, and Scuddy Fontenelle, Jr., Secretary of MCC. In his affidavit, Mr. Estopinal stated that he had observed no defects in any stairway of the premises, and that no such defects had ever been reported to him by the lessee, MCC. He further stated that he had neither observed nor had reported to him any events which would lead him to believe that any defects were present. The affidavit of MCC's Vice-President states that in that capacity he executed the lease agreement between Mr. Estopinal and MCC, in which MCC did assume responsibility for the condition of the leased premises, and that Ms. Fontan was an MCC employee and present on the leased premises in connection with her job at the time of her injury. The affidavit of the Secretary of MCC states that in that capacity he had knowledge of the condition of the leased premises, and that MCC had *1333 not reported the existence of any defects in the stairway to the owner, Mr. Estopinal, since MCC never observed any such defect nor were they aware of any such defects.
The affidavits presented by defendant Estopinal clearly refute that as owner he knew or should have known of any defect. As plaintiff Fontan did not file any counter-affidavits disputing the statements contained in the affidavits, we accept the statements as true. LSA-C.C.P. art. 967. C.F., Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980). We further find unpersuasive appellants' argument, that Mr. Estopinal, since he is both the President of MCC and the owner of the leased premises, should be imputed with the custodian's knowledge of the defect in the stairway. LSA-R.S. 9:3221 does not provide for such an exception, and appellants present nothing to support this claim other than their allegation here asserted through counsel. Hence, we are constrained to find, as did the trial judge, no genuine issue of fact here.
2) Plaintiff's right to tort recovery
Appellants argue that defendant Estipinol may not avail himself of LSA-R.S. 9:3221 to transfer his ownership liability by contract to the lessee, MCC, insofar as it may pertain to injuries received by the lessee's employee. They assert that such a lease provision is violative of former LSA-C.C. art. 11,[3] in that, it deprives Ms. Fontan of her rights to sue the owner in tort and leaves her with her compensation claim only. Former article 11 provided a basic principle of our law that parties to a contract may "renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good."
In the case Paul v. Nolen, 166 So. 509 (La.App.Orl.1936), the constitutionality of LSA-R.S. 9:3221 was under attack on very much the same grounds as are presented here. In that case, it was contended that the statute attempted to bar recovery through a contract to which an injured person was not a party. In upholding the constitutionality of the statute, the court pointed out that there can be no property right in a claim for damages which is potential and not yet existent. The tort claim arises after the contract between the lessor and lessee has been entered into. There being no property right in a legal sense, there can be no denial of due process of law by the statute. Moreover, the right of the injured third person to sue the lessor is a right given by statute, since no person has a vested right to sue another. See also, Terrenova v. Feldner, 28 So.2d 287 (La.App.Orl.1946). (Lease exonerated landlord and imposed liability on tenant for injuries sustained by tenant's employee in accident occasioned by defect in stairway on premises.) We consider that the principles enunciated by the court in Paul v. Nolen, supra are despositive of the legal issue here raised by appellants, which we hold, therefore, to be without merit.
3) Indemnity
Appellants argue LSA-R.S. 9:3221 and/or the lease provision at issue may only regulate the relationship between lessor and lessee, and cannot preclude a suit against the defendant owner. Inasmuch as the jurisprudence has rejected this proposition relative to the statute, Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960), we turn to a consideration of whether the lease imposes direct responsibility on MCC for the condition of the premises.
The applicable lease provisions show that MCC's lease is for a period of four years commencing January 1, 1984 with renewal privileges. The accident occurred May 23, 1984. The lease recites that the subject premises are leased for any lawful purpose, and specifies that the lessee assumes the leased property in its present condition, and that, it promised to keep *1334 them in the same order and to return them in like good order. Also, MCC further agreed that the lessor would not be responsible for damage caused by "any vices or defects of the leased property, or the consequences thereof." Provisions in contracts of a similar nature have been held to fall within the purview of LSA-R.S. 9:3221 and the owners have been relieved of any responsibility; we perceive no reason not to hold the same here. Paul v. Nolen, supra; Terrenova v. Feldner, supra and cases cited therein. See also, Slaughter v. Coleman, 490 So.2d 570 (La.App. Cir. 4 1986) writs denied 496 So.2d 327 (1986); Hornsby v. Ray, 327 So.2d 146 (La.App. Cir. 3 1976) writs refused 330 So.2d 293 and 330 So.2d 319 (1976).
4) Lessee employer's tort liability to plaintiff employee
Appellants lastly contend, in the event that none of their foregoing arguments have merit, that defendant Estopinal's ownership obligation has been transferred to MCC and MCC is now liable in tort to plaintiff Fontan despite their employment relationship. Appellants urge this court to consider this issue inasmuch as the Supreme Court in Davis v. Copeland Enterprises, Inc., supra, expressed, in dicta, the belief that the issue is of "far reaching consequences; so much so that it should be decided upon a full hearing." The Supreme Court questioned in that case whether the limitative effects of LSA-R.S. 23:1032 and 1061 (dealing with the employer's tort immunity) shields a statutory employer or principal from contractually assumed liability of a third party otherwise strictly liable to an injured employee. We agree that this issue is a significant one and one which should be decided upon a full hearing; nevertheless, as plaintiff Fontan's employer was not a party to the summary judgment below nor to this appeal, we have no authority to address the issue.
In conclusion, the foregoing lease provision effectively absolved defendant Estopinal, as owner of the leased premises, from liability for injuries unless he had failed to remedy a defect of which he knew, or within a reasonable time of notice thereof. There was no showing that defendant either should have known of a defect, or that he had been advised of a defect and failed to remedy it within a reasonable time. Indeed, MCC apparently did not itself know of the alleged defect in the stairway. Therefore defendant Estopinal is not liable for plaintiff's injuries.
Finding that there are no questions of fact to be resolved and that defendant is entitled to a judgment as a matter of law, we hold the trial court correctly dismissed plaintiff's claims and granted defendant's motion for summary judgment.
AFFIRMED.
NOTES
[1] Intervenor, Reliance Insurance Company of Illinois, appears as second appellant in these proceedings and adopts plaintiff Fontan's brief submitting it as its own for purposes of this appeal.
[2] In the present section, the clause "or any one on the premises who derives his right to be thereon from the lessee" has been substituted for the clause "anyone in the building or on the premises by license of the tenant or occupant". La.Acts 1932, No. 174, Sec. 1. Section 2 of Acts 1932, No. 174, defined "by license of the tenant or occupant" to mean a person who derives his right or license to be on the premises from the tenant or occupant, "such as subtenants, roomers, servants, guests, customers, employees, members of the family and others of a similar status."
[3] See now LSA-C.C. art. 7. (La.Acts 1987, No. 124 Sec. 1, eff. Jan. 1, 1988.)