376 So.2d 994 (1979)
The CITY OF BATON ROUGE and the Parish of East Baton Rouge
v.
Hon. H. M. "Mike" CANNON, Jr., Clerk of Court, Charles Carter and Company, Inc., Insurance Company of North America, et al.
No. 12797.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
*995 Samuel A. Bacot, Asst. Parish Atty., Baton Rouge, of counsel, for plaintiffs-appellees, City of Baton Rouge et al.
Richard Mary, Baton Rouge, of counsel, for defendant-appellee, Louis Mechanical Contractors, Inc.
Arthur J. Boudreaux, III, Baton Rouge, of counsel, for defendant-appellant, Charles Carter & Co., Inc.
Dan E. West, Baton Rouge, of counsel, for defendant-appellant, Ins. Co. of North America.
Before LANDRY, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
This case involves an appeal by the Charles Carter and Company, Inc. and the Insurance Company of North America from a partial summary judgment in favor of Louis Mechanical Contractors, Inc. Two questions are raised: 1) May a partial summary judgment be granted in a concursus proceeding under C.C.P. 4651 et seq.? 2) Presuming the possibility of a partial summary judgment, was there a genuine issue of material fact such as would preclude the granting of a summary judgment? We answer yes to the first question, no to the second, and we affirm.

I. FACTS
In December 1974, Charles Carter and Company (Carter) contracted with the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) for construction work. Pursuant to the contract, a bond was issued to Carter by the Insurance Company of North America.
On November 28, 1977, the construction work was accepted by the City-Parish and a notice of acceptance was filed in the Mortgage Records. Subsequently, affidavits of claim were filed and recorded in connection with the construction.
The City-Parish filed a petition for concursus on February 9, 1978, impleading all claimants who had filed sworn lien affidavits. Among these was Louis Mechanical Contractors, Inc. (Louis).
Louis filed a motion for summary judgment which was granted January 12, 1979. From that partial summary judgment, Carter and the Insurance Company of North America have perfected their appeals.

II. SUMMARY JUDGMENT
A concursus proceeding is defined by C.C.P. 4651 as
"one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."
In appealing, Carter cites Fidelity Homestead Association v. Kennedy and Anderson, 158 La. 1059, 105 So. 64 (1925), for the proposition that "all such claims shall be tried, and, of course, disposed of, at one time, and not in a series of judgment." Appellant appoints to Damson Oil Corp. v. *996 Sarver, 346 So.2d 1304 (La.App. 3rd Cir. 1977) as expressing the controlling rule:
"The very purpose of a concursus action is to avoid a multiplicity of suits by providing for a single judgment which will finally adjudicate all issues between the contestants."
Undoubtedly, the rationale for a concursus is to prevent multiple suits and trials. But there is nothing mutually exclusive about concursus proceedings and partial summary judgments. Article 4662 of the Code of Civil Procedure states that:
"Except as otherwise provided in this Title and by law, the rules applicable to an ordinary proceeding apply, so far as practicable, to a concursus proceeding."
Summary judgments, C.C.P. Art. 966 et seq., and partial judgment, C.C.P. Art. 1915, are intended to be used when there is no genuine issue of any material fact. Then, and only then, may the court decide matters without trial and solely from the pleadings and affidavits.
Granting or denying a motion for partial summary judgment will not increase the number of suits or trials. Rather, it reduces or eliminates altogether the remaining issues to be decided at trial.
On appeal, Carter strenuously objects to partial summary judgment. Yet, by motion on June 14, 1978, Carter, alleging that funds held by the City-Parish were more than sufficient to satisfy all proper claimants, sought to have the trial court approve payments to several firms, including Louis Mechanical and Carter itself. In this case, the trial court's finding for Louis by partial summary judgment will lessen the matters to be decided at trial.

III. ISSUE OF FACT
The path for a party seeking summary judgment is arduous. This court has held that the party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts as to the absence will be decided in favor of a trial on the merits and no summary judgment will be granted, even if the trial court has grave doubt regarding a party's ability to establish disputed facts. Hughes v. Eagle Trucking Co., 340 So.2d 1067 (La.App. 1st Cir. 1976). Summary judgment is proper only where the pleadings, depositions and affidavits show that there is no issue of any fact material to any of the several elements of plaintiff's entire cause of action. Ray's Appliance and Air Conditioning, Inc. v. Heard, 343 So.2d 435 (La.App. 3rd Cir. 1977).
Whether or not there actually was a genuine issue of material fact is a question which has filled the reporters. Generally, once a party has moved for summary judgment, the party opposing summary judgment cannot rely on the bare allegations or denials of his pleadings but must respond by affidavits or as otherwise provided and must set forth specific facts showing the existence of a genuine factual issue for trial. Lewis v. Pailet, 349 So.2d 338 (La. App. 4th Cir. 1977), writs refused 350 So.2d 1213 (1977); C.C.P. 967.
Once both parties have completed their pleadings, depositions and attachments, summary judgment will be found only if the genuine issues of material fact presented "are so patently insubstantial as to present no genuine issues. A mere formal allegation without substance will not preclude the rendering of a summary judgment." Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir. 1972), writs refused 261 La. 462, 259 So.2d 914 (1972). The cases turn on their individual facts. But,
"When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted."
Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977).
In the instant case, on January 4, 1979, Carter filed an affidavit with attachment and an answer and reconventional demand. These are the pleadings answering Louis' motion for summary judgment.
*997 Carter's affidavit says simply "that there are counterclaims against Louis Mechanical Contractors, Inc. as well as a back charge." Attached to the affidavit is an undated debit memo. The memo states "We are charging your accounts" ($7,395.17). Nowhere does the affidavit state that the debit memo is the "back charge" claimed by Carter. Nowhere is the debit memo sworn to, either separately or in the affidavit. There is no connection made by Carter between the "back charge" and the debit memo. The debit memo need not be verified if sworn to in the affidavit, LSA-C.C.P. 967, Tabb v. Louisiana Health Services and Indemnity Co., 352 So.2d 771 (La.App. 3rd Cir. 1977), reversed on other grounds 361 So.2d 862 (1978), but any rational connection between the debit memo and the "back charge" in this case must be culled from the pleadings, a process found unacceptable in Lala v. Schoen Life Insurance Company, Inc., 342 So.2d 1283 (La. App. 4th Cir. 1977). The alleged "back charge" cannot therefore be considered a genuine issue of material fact.
Carter's affidavit also alleges a counterclaim. However, neither bases for the counterclaim nor its value are provided. The answer and reconventional demand characterizes the debit memo as a failure of Louis to perform subcontractually. Additionally, Carter claimed that by making an allegedly improper claim for additional labor, Louis has seized funds due Carter by the City-Parish, and owes Carter $50,000 in damages. Such mere formal allegations without substance will not preclude the rendering of a summary judgment. Metropolitan Bank of Jefferson v. Summers, supra. Carter alleges no other issues of fact.
While the belief that a litigant, Carter, is unlikely to prevail on the merits is not a sufficient basis to warrant summary judgment even if the court has "grave doubts" regarding a party's ability to establish disputed facts, Hughes v. Eagle Trucking Co., 340 So.2d 1067 (La.App. 1st Cir. 1976), the trial court in this case found that the evidence submitted left no relevant, genuine issue of fact, and that reasonable minds must inevitably conclude that the mover was entitled to judgment on the facts. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., supra. We agree.
Carter's "debit memo" was not a proper attachment nor was it properly verified or sworn to. The "counterclaim," later recast as a reconventional demand, was merely the debit memo recharacterized, together with a "patently insubstantial" claim. Metropolitan Bank of Jefferson v. Summers, supra. Summary judgment was properly granted.
AFFIRMED.