379 So.2d 820 (1980)
Santos D. ACOSTA
v.
Willie DARDAR, Crowder Interest, Inc., Tenneco, Inc., and it's wholly owned subsidiary, Tenneco Oil Company, Delta Maintenance, Inc. and the International Brotherhood of Boilermakers, Local 37.
No. 10583.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Writ Refused March 3, 1980.
*821 Daniel E. Becnel, Jr., and Barry J. Landry, Reserve, for plaintiff-appellant.
McGlinchey, Stafford, Mintz & Hoffman, J. Michael Johnson, New Orleans, for defendant-appellee, Crowder Interest, Inc.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John G. Gomila, Jr., New Orleans, for defendant-appellee, Tenneco, Inc.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
Plaintiff has appealed from a summary judgment which dismissed two defendants from this action for damages incurred in a fist fight between plaintiff and Willie Dardar, who were co-employees of Delta Maintenance, Inc. at Tenneco, Inc.'s oil refinery. The issue on appeal is whether these defendants, under the facts established in Dardar's deposition and in an affidavit of a security guard, are entitled to a judgment of dismissal as a matter of law.
The incident occurred while Delta was performing certain contract work for Tenneco, Inc. Plaintiff and Dardar were members of the same local union which furnished the labor crew for Delta's job. Plaintiff was the crew foreman, and Dardar had been working as a welder on the job for four days.
According to Dardar, since the job was of short duration with little overtime, he had planned to quit before working 80 hours, because once he reached that point he would lose his place atop the union hall's list awaiting other job opportunities. On the day of the incident he arrived slightly late for work and found the gate through which his crew usually entered was locked. Since he had already worked about 40 hours, he decided to quit immediately, and he drove home and telephoned the timekeeper on the job, informing her of his decision and requesting her to make out his pay check. He then returned to the refinery, with his wife in the car. He walked through the now-open gate and greeted the guard, who acknowledged his admission into the plant by calling out his name from the list of persons eligible to enter. He then walked directly to Delta's trailer office, about 20 feet from the gate, and asked the timekeeper about his check. When the timekeeper said the job superintendent was on his way to sign the check, plaintiff (who happened to be in the office) objected to his quitting. They then argued about freedom of choice, and a fight ensued.
Among others, plaintiff sued Crowder Interest, Inc., who provided the security guard service, and Tenneco, who owned and operated the refinery where the incident occurred. These two defendants moved for and were granted a summary judgment.
As to Crowder, plaintiff contends that the guard should not have permitted Dardar to enter the plant. Plaintiff argues a summary judgment is inappropriate because Dardar's termination slip, dated 5:30 p. m. the day prior to the accident, creates a genuine dispute of material fact, the date of termination being critical to the determination of whether plaintiff was authorized to be on the premises on the day of the incident.
It is undisputed that Dardar entered the premises after notifying his employer he had quit, that his name was still on the list of persons authorized to enter, that he entered for the purpose of picking up his pay check, and that there, was nothing unusual about the manner in which he presented himself at the gate so that the guard should have been alerted as to any problem.[1] The *822 fact that his termination slip is dated the previous day (which was his last day of work) does not create a dispute as to a material fact which might affect the result of this action. Furthermore, plaintiff has not advanced any facts which would indicate the possibility of a causal connection between his injury and some act or omission by any person for whom Crowder is responsible. The uncontroverted facts do not suggest that Dardar should not have been allowed on the premises, or that the guard had a duty to protect plaintiff from personal attack while in Delta's trailer office, or that the guard breached any other duty owed to plaintiff.[2] The guard's employer is therefore entitled to a judgment of dismissal as a matter of law.
As to Tenneco, that defendant sought dismissal on either of two grounds; (1) there is no basis for imposing liability and (2) if there were a basis for imposing liability, it has immunity against plaintiff's tort claims because it was his "statutory employer" under R.S. 23:1032 and 1061. Since we affirm the dismissal on absence of grounds for Tenneco's liability, we do not reach the question of whether Tenneco was immune in tort.
Dardar stated he had no contact with any Tenneco personnel on the day of the incident, which occurred entirely within the confines of Delta's trailer and resulted from an argument with another Delta employee over his right to quit the job with Delta. Thus, it appears Dardar was not Tenneco's employee or borrowed employee and was not subject to its control. Moreover, the depositions and affidavit reveal no fact which suggests any other basis for imposing liability on Tenneco for Dardar's actions.
Plaintiff's petition alleged Tenneco failed to provide a safe place for its contractor's employees to work or to provide adequate security. However, once a motion for summary judgment is made and supported by sworn evidence, a party cannot rest on the allegations of its pleadings, but must respond by presenting facts which show a genuine issue for trial.
While questions of negligence are generally inappropriate for disposition by summary judgment, a defendant is entitled to dismissal by means of this procedural vehicle if, after the opposing party has adequate opportunity to develop evidence, the record is completely devoid of any suggested basis for that defendant's liability. Continental Cas. Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975). This record does not suggest any facts upon which Tenneco could be held legally liable for plaintiff's injury.
AFFIRMED.
NOTES
[1] The guard's affidavit states that he knew Dardar to be Delta's employee and had not been notified of Dardar's termination, that there was nothing unusual about Dardar's dress or demeanor when he arrived at the gate, and that even if he had known Dardar had quit his job, it was standard procedure to allow a terminated employee onto the plant to pick up his paycheck.
[2] We thus need not reach the question of whether the risk created by the guard's action in allowing Dardar to enter the premises (that was a cause-in-fact of the injury which would not have occurred except for the guard's action) was encompassed in any duty not to allow terminated employees on the plant, or whether there was an ease of association between any breach of that duty and the injury that occurred.