388 So.2d 404 (1980)
Jack AYDELL and Eddie A. Williams d/b/a Challenge Cabinets
v.
CHARLES CARTER & COMPANY, INC. and Insurance Company of North America.
No. 13429.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Writ Refused September 26, 1980.
*405 George R. Covert, Baton Rouge, for plaintiff-appellee, Jack Aydell & Eddie A. Williams d/b/a Challenge Cabinets.
Arthur J. Boudreaux, Baton Rouge, for defendants-appellants, Charles Carter and Co., Inc., and Ins. Co. of North America.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Defendant-appellant, Charles Carter & Company, Inc. (Carter), seeks reversal of a trial court judgment awarding Jack Aydell and Eddie A. Williams (Aydell), doing business as Challenge Cabinets, a partial summary judgment in the amount of $28,815.55. We affirm as amended.
In 1974, Carter was the general contractor with the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) for construction of the Civic Center Governmental Building.
On March 28, 1974, Carter and Aydell entered a subcontract requiring Aydell to do the millwork in the Civic Center. Including all change orders approved by Carter, the amount was $323,715.65.
On November 28, 1977, construction was accepted by the City-Parish and a notice of acceptance was filed in the Mortgage Records.
Aydell, having been paid only $289,650.44 by July 19, 1978, filed suit against Carter for the balance of $34,065.21. Following defendant's answer, Aydell filed a motion for summary judgment. Carter then filed an amended and supplemental answer and a reconventional demand against plaintiffs. Carter alternatively claimed that 1) nothing was owed to plaintiffs, 2) there were offsets to anything defendant owed, and 3) plaintiffs, as defendants in reconvention, owed Carter $60,134.66.
Partial summary judgment was granted in plaintiffs' favor on October 19, 1979, and Carter has appealed. Appellants urge that the trial court committed reversible error by relieving plaintiffs of the burden of showing that there were no genuine issues of material fact and by requiring Carter to demonstrate that a genuine dispute existed.
LSA-C.C.P. Arts. 966 and 967 contain the statutory provisions for summary judgment.
Art. 966 provides:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, [answers *406 to interrogatories], and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Art. 967 provides in part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
Plaintiffs' motion for summary judgment was accompanied by an affidavit and other attachments. These documents, together with the recorded fact that the City-Parish had accepted construction of the Civic Center, provide convincing proof that plaintiffs' claim was valid.
Once a motion for summary judgment has been made and supported, a party opposing the motion must set forth specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. C.C.P. 967. Acosta v. Dardar, 379 So.2d 820 (La.App. 4th Cir. 1980); Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir. 1979).
Carter's affidavit in opposition to the motion for summary judgment alleged that plaintiffs' work was "defective, delayed, untimely and unacceptable" and that delivery had been "non-sequential and haphazard(.)" Carter further claimed plaintiffs "did not perform as required but was in breach of its agreement, which breach caused Charles Carter and Company, Inc. damages and losses(.)" No specific facts supporting these allegations were given.
Attached to Carter's affidavit of opposition were two "backcharges" dated September 19, 1979, only two days before the motion for summary judgment was originally scheduled to be heard. The "backcharges" were for $294.66 and $9,840.00 respectively. The $294.66 charge was for work allegedly done by Carter's own employees. The $9,840.00 charge was broken into three sub-parts:

1) lost time due to piecemeal delivery - $5,000
2) restaining gates - 340
3) delay in painting caused by need for
 doors to be sanded - 4,500

The only other evidence to be presented by the defendant and considered by the trial court was a deposition of Charles Robert Carter.
In granting a partial summary judgment, the trial court allowed as offsets only the $5,000 claim for piecemeal delivery and the $294.66 for work done by Carter's employees. The $294.66 charge was erroneously allowed as an offset of only $249.66.
The party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts will be decided in favor of a trial on the merits and no summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979).
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. City of Baton Rouge v. Cannon, *407 supra; Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir. 1972), writ refused 261 La. 462, 259 So.2d 914 (1972).
Clearly, the disputed facts set forth by Carter present little better than transparent issues. Defendant's unsupported allegations of breach achieve nothing when contrasted with the hard realities of written contract and completed and accepted construction. The deposition is vague and insubstantial.
Insofar as the "backcharges" of defendant are concerned, the trial court properly refused to render summary judgment for any item which exhibited even a shred of material controversy.
Factually, this case is almost identical to City of Baton Rouge v. Cannon, supra. In that case, the same defendant, Carter, sought to preclude partial summary judgment in favor of a subcontractor through the use of "backcharges" and a counterclaim. Since neither was of any substance, summary judgment was granted.
While it may be "beyond comprehension of counsel" why Carter is not entitled to assert these claims at trial, it is certain that in the present case there are no real issues. Reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court.
For the foregoing reasons, the trial court judgment granting partial summary judgment is affirmed except that the disallowed portion of plaintiff's claim is increased from $5,249.66 to $5,294.66. Therefore, judgment for plaintiffs is in the amount of $28,770.55. All costs of these proceedings, both trial and appellate, are to be paid by Charles Carter & Company, Inc.
AFFIRMED AS AMENDED.