KLEES, Judge.
This appeal is from a Summary Judgment rendered in favor of the defendant, and 3rd party defendant, Budget Rent-a-Car of New Orleans, Inc. (Budget), Employers National Insurance Corporation (Employers), Canal Indemnity Company (Canal), and Equitable General Insurance Company of Oklahoma (Equitable) and against Mrs. Van Le Thi Nguyen and Mr. Thang Trung Hoang, the plaintiffs, and Wayne C. Gilford and Instrumentation Laboratories, Inc., the third-party plaintiffs. Wayne C. Gilford and Instrumentation Laboratories, Inc. have appealed the granting of the Motion for Summary Judgment. Appellants assert the following issues: 1) That there exists a genuine issue of material fact regarding the coverage of various insurance policies which would warrant a trial on the merits. 2) Because ambiguous provisions of insurance policies are construed against the drafter, contractual ambiguities under the facts of this case tends to afford coverage to Budget’s lessees. For the following reasons, we affirm the judgment of the trial court.
The plaintiff, Mrs. Van Le Thi Nguyen was seriously injured in an. intersectional collision which took place at Chef Menteur Highway and Paris Road in New Orleans. She was a passenger in a car driven by Hanh Van Nguyen and owned by Son-T Nguyen. Hanh Van Nguyen attempted to cross the intersection on a yellow light and was struck by a car owned by Budget and driven by Wayne C. Gilford which caused the Nguyen vehicle to strike a parked dump truck. Wayne Gilford was employed by the defendant, Instrumentation Laboratories, Inc. at the time of the accident. Mrs. Nguyen and her husband Thang Trung Hoang filed suit against Hanh Van Nguyen, Son-T Nguyen, Allstate Insurance as their insurers, Wayne C. Gilford, Instrumentation Laboratories, Inc. and its insurer, Commercial Union Insurance Company, Budget and its insurers, Employers, Canal, and Equitable.
Budget, Employers, Canal and Equitable filed a Motion for Summary Judgment on the grounds that one of the two policies issued by Employers and the policies issued by Canal and Equitable provided coverage only for the owner, Budget, and not its *764 lessees. At the time of the accident Budget’s insurance coverage was structured as follows:
Carrier Policy # Coverage Limits
Budget self-insured $25,000
Employers #077-1718 $75,000 in excess of
$25,000 self-insured
Employers #C77-1717 ($100,000 - $300,000)
Canal #XL001149 ($300,000 - $500,000)
Equitable #HU3301 ($500,000 - $1,000,000)
Budget and its insurers asserted that only the first $100,000 provided by Budget, as self-insurer, and Employers # C77-1718 were intended to cover the authorized lessees of Budget’s rental automobiles. The coverage provided that $100,000 primary insurance by Employers # C77-1717, Canal # XL001149 and Equitable # HU3301 was intended as excess insurance for the owner, Budget, and not its authorized lessees.
At the time of the accident, Instrumentation Laboratories, Inc. had in full force and effect a policy of liability insurance issued by the defendant, Commercial Union. Gil-ford, as an employee, was an insured under this policy because at the time of the accident, he was acting in the course and scope of his employment. Commercial Union as the provider of the non-owner liability insurance coverage would be liable once the limits of Budget’s primary insurance had been exhausted.
The evidence presented by the defendants in their Motion for Summary Judgment consisted of affidavits from Ronald E. Lazarus of Budget Rent-A-Car and W. Dana Roehrig of Dana Roehrig and Associates, Inc., the agent for Employers, Canal and Equitable, the rental agreement between Budget and Gilford and Employers policy # C77-1717 along with other evidence supporting its contention that the policy along with the Canal and Equitable policies did not provide coverage for any lessees. The third party plaintiffs, Gilford, Instrumentation Laboratories, Inc. and Commercial Union offered a memorandum in opposition to the motion for summary judgment.
The provisions of the Louisiana Code of Civil Procedure which govern summary judgments are Articles 966 through 969 inclusive. Article 966(B) and the pertinent part of Article 967 provide:
Art. 966. Motion for Summary Judgment: procedure
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Art. 967. Same; affidavits
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The affidavits presented established that Dana Roehrig and Associates acting as agent for Employers, Canal and Equitable obtained insurance for both Budget Rent-A-Car of New Orleans and Budget Rent-A-Car of Miami consistent with the requirements for a Budget franchise holder, that is, insurance for the rentee/lessee of $100,-000 per person and $300,000 per occur-rance, plus property damage liability of $25,000 per occurrance, and a minimum of $1,000,000 combined single limit for the franchise holder only. Budget was self-insured for the first $25,000 and purchased insurance up to $100,000 for the rentees *765 with excess coverage of $1,000,000, for the franchise holder. A single policy was initially issued for New Orleans and Miami, but for bookkeeping purposes separate policies were written at a later date. Employers # C77-1717 was issued naming Budget of New Orleans as its insured and the original policy # E78-0458 was revised to provide coverage only to Budget of Miami.
Appellants, in both their opposition to the motion and in their appeal brief, argue that the Canal policy covers, “All vehicles owned or operated by the insured in rent-a-car operation”, and that the reference in that policy to Employers #E78-0458 and # E78-0457, which does not insure Budget of New Orleans, cannot expand Canal’s coverage. We do not find that the reference to the other policies in any way affects the scope of Canal’s) coverage. The layers of excess insurance were referenced to each underlying policy of excess insurance or primary insurance and Employers # C77-1717 clearly states that it is excess automobile liability for owner only. (Emphasis added) For the appellants to reach the Canal policy, they must have first exhausted the Employers # C77-1717 policy. The scope and coverage provided by # C77-1717 is clear and unambigious. Only Budget is insured, not its rental drivers. Any error in the reference to other policies in # C77-1717 is not material to the scope of coverage.
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment, (citations omitted) Aydell v. Charles Carter & Co., Inc. 388 So.2d 404 (La.App. 1st Cir.1980), writ denied 391 So.2d 460.
The rental agreement signed by Gilford shows that only $100,000 of insurance would be available to the rental driver. This further supports the defendants’ claim that the policies issued in excess of the first $100,000 were intended only to cover Budget only.
On a motion for summary jdgment the court must first determine whether the supporting documents presented by the moving- party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
We conclude that the defendants have satisfactorily supported their motion for summary judgment and that the appellants did not establish the existance of any material issue of fact in light of the evidence presented. Accordingly, the judgment of the trial court granting the Motion for Summary Judgment is affirmed. All costs assessed to the appellants.
AFFIRMED.