471 So.2d 1068 (1985)
EQUIPMENT, INC., Plaintiff-Appellee,
v.
ANDERSON PETROLEUM, INC. and Charles R. Anderson, Defendants-Appellants.
No. 84-494.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Richard P. Ieyoub, and E.M. Nichols, Lake Charles, for defendants-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Gary J. Russo, Lafayette, for plaintiff-appellee.
*1069 Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
This appeal concerns a motion for summary judgment granted to plaintiff, Equipment, Inc., in a suit on an open account against defendants, Anderson Petroleum, Inc. and Charles R. Anderson.
On September 8, 1983, plaintiff filed a suit on an open account alleging that the defendants were indebted to plaintiff for $124,171.00. The petition alleged that the amount sued for was the price of merchandise and services the plaintiff sold to the defendants for the drilling of an oil well. Attached to the plaintiff's petition were itemized invoices which it alleges documents the sales, as well as a daywork drilling contract averred to be the contract the sales were made pursuant to.
Shortly thereafter, the plaintiff filed a supplemental and amending petition requesting that the court recognize its oil and gas lien on the well and other property as provided for in La.R.S. 9:4861.
The defendant responded by filing a general denial.
Subsequently, the plaintiff filed a motion for summary judgment. Annexed to the motion was the affidavit of Mr. Louis Carpenter, President of Equipment, Inc., which attested in part:
"The goods, materials, merchandise and/or services were sold, furnished and delivered to defendants at their request and that all charges and credits against the defendants were charged to their account, either personally by your affiant, or under his supervision and direction, and are true and correct. The present balance due on defendant's account after all just credits and payments is $124,171.00 plus legal interest, attorney's fees and court costs."
The defendants filed an opposition to the motion for summary judgment, and attached thereto an affidavit of Mr. Charles R. Anderson, the President of Anderson Petroleum, Inc., attesting in part:
"As President of Anderson Petroleum, Inc. he is familiar with the purchase of services and equipment from Equipment, Inc.
Equipment, Inc. did not supply services and equipment in the amount of ONE HUNDRED TWENTY FOUR THOUSAND ONE HUNDRED SEVENTY ONE AND NO/100 ($124,171.00) DOLLARS and said amount is disputed by affiant, Charles R. Anderson as being owed to Equipment, Inc."
After a hearing, the district judge granted the motion for summary judgment, awarding the plaintiff judgment in the amount of $124,171.00 together with legal interest, attorney's fees in the amount of $12,417.00, court costs and further recognizing the plaintiff's oil and gas lien and privilege.
The defendant alleges that the trial court erred in granting the motion for summary judgment because:
1. The affidavit of plaintiff's President, Mr. Louis Carpenter, was not adequate to serve as a basis for a summary judgment.
2. The record reveals that there are genuine issues of fact which preclude the granting of summary judgment.

SPECIFICATION OF ERROR NO. 1
The appellant contends that the motion for summary judgment should not have been granted because the affidavit of Mr. Louis Carpenter, the President of the plaintiff corporation, was not based upon his personal knowledge as required by La.C. C.P. Art. 967 and therefore was not adequate to serve as the basis for summary judgment.
A review of the record indicates that the defendants-appellants' allegation of the inadequacy of the supporting affidavit is made for the first time on appeal. The record does not reveal that the defendants filed a motion to strike or otherwise objected to the affidavit of the plaintiff's President.
Since it is entirely possible that the affidavit of Mr. Louis Carpenter could *1070 have been made on personal knowledge, we consider the inadequacy of the affidavit to be a formal defect which is deemed to be waived and conclude that the district court properly considered it in ruling on the summary judgment motion. Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978), rehearing denied; Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980); and Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).

SPECIFICATION OF ERROR NO. 2
Having determined that the district court properly considered the affidavit of the President of the plaintiff corporation, we must now consider the appellants' allegation that the granting of summary judgment was not proper inasmuch as the record reveals that there are genuine issues of material fact. See Davis v. Copeland Enterprises, Inc., supra.
La.C.C.P. Arts. 966 and 967 contain the statutory provisions for summary judgment.
Article 966 provides in part:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Article 967 provides in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
The plaintiff's motion for summary judgment was accompanied by an affidavit, the plaintiff's petition, itemized invoices, and other attachments. These documents provide convincing proof that the plaintiff's claim was valid.
Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.C.C.P. Art. 967. Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir.1979).
The defendants-appellants' affidavit in opposition to the motion for summary judgment quoted hereinabove disputes the amount claimed by plaintiff. No specific facts supporting these allegations were given.
"The party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts will be decided in favor of a trial on the merits and no summary judgment will be granted even if the trial court has grave doubts regarding *1071 a party's ability to establish disputed facts. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979).
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. City of Baton Rouge v. Cannon, supra; Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused 261 La. 462, 259 So.2d 914 (1972)."
Aydell v. Charles Carter & Company, Inc., 388 So.2d 404 (La.App. 1st Cir.1980), writ denied, 391 So.2d 460 (La.1980).
In this instance the defendants' affidavit in opposition of the motion for summary judgment merely disputed the amount charged for the services and equipment. The defendants offered no specific factual details in support of their argument. We therefore hold that the district judge was correct in granting the plaintiff's motion for summary judgment inasmuch as there was no genuine issue of material fact.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendants-appellants.
AFFIRMED.