WATKINS, Judge.
This is a suit by a bank in Baton Rouge, La. against one of the endorsers of a prom *827 issory note. The trial court granted partial summary judgment in favor of the bank, and the defendant appeals.
Bank of the South filed suit against Jo Ann Osbourne alleging that it was the holder of a promissory note dated March 13, 1986, made by Sheldon D. Beychok, Barbara Dixon, and Ms. Osbourne, in solido, in the sum of $155,476.62, with interest and attorney’s fees. The plaintiff bank further alleged that after all credits were allowed, there remained a balance of $83,-267.87, and it prayed for judgment in that amount with interest and attorney’s fees.
Ms. Osbourne answered the bank’s original petition. She admitted endorsing the promissory note. However, she pled that Bank of the South had entered into an agreement with Mr. Beychok entitled “Payment and Collection Agreement” on March 1, 1987, and a “counter-agreement” on March 20, 1987. Ms. Osbourne also pled that subsequent to an assignment of certain real estate commissions from herself and Ms. Dixon to Bank of the South, the bank had wrongfully paid $30,000.00 to Ms. Dixon, which amount should have been credited to Ms. Osbourne’s indebtedness to the bank. Ms. Osbourne also alleged that the transaction sued upon was the result of more than one promissory note executed by Mr. Beychok and Ms. Dixon, but not by Ms. Osbourne, and that the multiple notes had resulted in the bank’s failure to credit properly the defendant’s indebtedness.
In response to Bank of the South’s motion for summary judgment, defendant did not rely on her previously filed pleadings. Instead, she filed a 14-paragraph affidavit, which set forth the facts involved in the transactions previously listed in her answer to the bank’s petition.
The trial court granted summary judgment in favor of the bank in the amount of $58,276.87, together with interest at the rate of eight percent from August 29,1989, and attorney’s fees in the amount of $5,000.00. The trial court denied the bank’s summary judgment on $25,000.00 of its demand against Ms. Osbourne, finding that Paragraph 13 of the defendant’s affidavit constituted an issue of material fact disputed between the parties.
On appeal the defendant urges that it was error for the trial court to grant the partial summary judgment, because she should have had her day in court to defend against the entire demand against her. Essentially, the defendant asserts that the mathematical calculations made by the trial court are fact findings that are impermissible on summary judgment.
In response, Bank of the South relies on such cases as City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979) and Aydell v. Charles Carter & Co., 388 So.2d 404 (La.App. 1st Cir.), writ denied, 391 So.2d 460 (La.1980).
In City of Baton Rouge v. Cannon, the owner of a completed construction provoked a concursus proceeding. One of the subcontractors filed a motion for summary judgment, which was opposed by the general contractor, Charles Carter & Co. The general contractor filed an affidavit with an undated debit memo attached, as well as an answer and a reconventional demand. The trial court rejected the claim that alleged “counterclaims” and “a back charge” presented genuine issues of material fact. This court affirmed, noting that mere formal allegations without substance will not preclude the rendering of a summary judgment.
The Cannon case was cited by this court in Aydell v. Charles Carter & Co., supra, when we affirmed a partial summary judgment in favor of a subcontractor against the same contractor. Again, Carter had filed an affidavit urging back charges. In granting a partial summary judgment, the trial court allowed as offsets a sum for piecemeal delivery and a sum for work done by Carter’s employees. We noted that the trial court properly refused to render summary judgment for any item which exhibited “even a shred of material controversy.” We explained:
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be *828 granted if the disputed issues of fact are so patently insubstantial as to represent no genuine issues.
388 So.2d at 406.
In the instant case, the record reveals a situation that is far more complicated than the situations in any of the cited cases. Here there was a series of transactions, allegedly including as many as three promissory notes, two agreements, and one amendment to the original agreement; there was a letter from the plaintiff bank allegedly inconsistent with the bank’s demand; there were various account and ledger cards and loan histories. We conclude that the trial court erred in concluding that Ms. Osbourne’s affidavit presented mere formal allegations without substance. The genuine issues of material fact presented by the defendant’s affidavit and pleadings were not “so patently insubstantial” as to present no genuine issues. See City of Baton Rouge v. Cannon, supra.
Accordingly, we reverse the judgment of the trial court in favor of Bank of the South, and we remand the case for further proceedings consistent with this opinion. We cast appellee for costs of this appeal.
REVERSED AND REMANDED.